UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SHELBY TOLBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. MICHAELS, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-00278-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Edward Shelby Tolbert is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on February 28, 2019, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.  Summary of Plaintiff's Allegations

Plaintiff is currently housed at Centinela State Prison. Plaintiff alleges that the events at issue took place at Kern Valley State Prison. Plaintiff names the following defendants: (1) Dr. Michaels; and (2) Nurse Practitioner Naser.

Plaintiff alleges as follows: On April 22, 2016, Plaintiff underwent a surgical procedure to repair a hernia using mesh. The surgery was performed by Dr. Michaels.

By August 24, 2016, Plaintiff noticed that his hernia had returned due to the fact that the mesh had migrated. Nurse Practitioner Naser told Plaintiff that his pain was not caused by migrating mesh and falsely told Plaintiff that Plaintiff would be seen by a specialist within 90 days. Plaintiff asserts that it was seven months before anyone saw him and another five months until Dr. Zhou fixed his hernia problem. In her findings, Dr. Zhou stated that there were recurrent umbilical hernias about 0.5 cm in size and that, while there was an existing thick mesh about 4 cm in radius, the old mesh was only partially attached to the abdominal wall and was not well incorporated.

Plaintiff asserts that, for two years, he had the worst pain that he had ever felt in his life, but that Kern Valley State Prison medical staff did not start to show any concern until blood was found in Plaintiff's stool.

For relief, Plaintiff seeks $103,200 in monetary damages.

2

### III. Discussion

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotation marks omitted)).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Deliberate "indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison [officials] provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors

3

chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

### A. Defendant Michaels

Plaintiff complains about the medical treatment provided to him by Defendant Michaels on April 22, 2016. With respect to the surgery, Plaintiff's allegations amount, at best, to a contention that Defendant Michaels was negligent or grossly negligent in the performance of the surgical procedure to repair Plaintiff's hernia. Further, with respect to post-operative care, Plaintiff has failed to allege any facts establishing that Defendants Michaels was responsible for Plaintiff's post-operative care, that Defendant Michaels knew that the April 22, 2016 surgery did not repair Plaintiff's hernia, and/or that Defendant Michaels knew that Plaintiff required additional medical care. Therefore, Plaintiff has failed to state a cognizable claim for deliberate indifference to a serious medical need against Defendant Michaels. Plaintiff is granted leave to amend this claim to the extent that he can do so in good faith.

### B. Defendant Naser

Plaintiff complains that Defendant Naser told him that his hernia mesh was not migrating and that Defendant Naser lied to him when the Defendant told him that Plaintiff would be seen by a specialist within 90 days because Plaintiff was not actually seen by anyone for seven months. With respect to Defendant Naser's alleged statement about Plaintiff's hernia mesh, Plaintiff's allegations amount, at best, to a contention that Defendant Naser was negligent or grossly negligent in the diagnosis of Plaintiff's migrating hernia mesh. Further, with respect to Defendant Naser's allegedly dishonest statement that Plaintiff would be seen by a specialist with 90 days, Plaintiff has not alleged any facts showing that his months-long delay in seeing a doctor and/or specialist was caused by anything Defendant Naser did or did not do. Therefore, Plaintiff has failed to state a cognizable claim for deliberate indifference to a serious medical need against Defendant Naser. Plaintiff is granted leave to amend this claim to the extent that he can do so in good faith.

///
///
///
///

**IV. Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order, or file a notice of voluntary dismissal; and
3. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 7, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE