1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **EASTERN DISTRICT OF CALIFORNIA**

10

11  EDWARD SHELBY TOLBERT,              )   Case No.: 1:19-cv-00278-BAM (PC)
                                        )
12              Plaintiff,              )
                                        )   **ORDER DIRECTING CLERK OF COURT TO**
13        v.                            )   **RANDOMLY ASSIGN DISTRICT JUDGE TO**
                                        )   **ACTION**
14  DR. MICHAELS, *et al.*,             )
                                        )   **FINDINGS AND RECOMMENDATIONS**
15              Defendants.             )   **REGARDING DISMISSAL OF ACTION FOR**
                                        )   **FAILURE TO STATE A CLAIM**
16                                      )
                                            (ECF No. 21)
17  _____    FOURTEEN (14) DAY DEADLINE
18

19        Plaintiff Edward Shelby Tolbert is a state prisoner proceeding *pro se* and *in forma pauperis* in

20  this civil rights action pursuant to 42 U.S.C. § 1983.  On June 7, 2019, the Court screened Plaintiff's

21  complaint and granted Plaintiff leave to file a first amended complaint.  (ECF No. 12.)  On October 7,

22  2019, the Court screened Plaintiff's first amended complaint and granted Plaintiff leave to file a

23  second amended complaint.  (ECF No. 16.) The Court screened Plaintiff's second amended complaint

24  and granted leave to amend. (ECF No. 20.)  Plaintiff's third amended complaint is currently before the

    Court for screening. (ECF No. 21.)

25  **I.      Screening Requirement and Standard**

26        The Court is required to screen complaints brought by prisoners seeking relief against a

27  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

28

                                             1

1    § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

2    malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

3    from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); see also 28 U.S.C. §

4    1915(e)(2)(B).

5          A complaint must contain "a short and plain statement of the claim showing that the pleader is

6    entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

8    do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

9    550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

10   participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

11   2002).

12         Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally

13   construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121

14   (9th Cir. 2012).  To survive screening, Plaintiff's claims must be facially plausible, which requires

15   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for

16   the misconduct alleged.  Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th

17   Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts

18   that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility

19   standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

20   **II.    Summary of Plaintiff's Allegations**

21         Plaintiff is currently housed at Centinela State Prison.  Plaintiff alleges that the events at issue

22   took place at Kern Valley State Prison.  Plaintiff names the following defendants: (1) Michel A.

23   Michael, M.D.; and (2) A. Manasrah, Nurse Practitioner.

24         Plaintiff alleges as follows.  A month before the initial hernia operation, in March 2016,

25   Plaintiff had a video conference with Defendant Michael.  On April 22, 2016, Defendant Dr. Michael,

26   a surgeon at San Joaquin Community Hospital, performed a ventral hernia repair surgery on Plaintiff.

27   Five months later, the abdominal pain began to be excruciating and the hernia bulge was back.

28   Plaintiff put in a medical slip and saw Defendant Manasrah, who made the recommendation for a

                                                    2

specialist within 90 days.  During the 90 days, Plaintiff put in another medical slip because he was experiencing ongoing severe pain.  Plaintiff was seen again by Defendant Manasrah. He recommended again that Plaintiff see a specialist within 90 days.  Plaintiff put in another medical slip and saw Nurse Pallomina who ordered an x-ray on the hernia.  After the x-ray, Nurse Pallomina made the same recommendation that Plaintiff be seen by a specialist within 90 days. After that 90 days expired, Plaintiff put in another medical slip and was seen by Nurse Jeffrey Wang who made the same request that Plaintiff be seen by a specialist within 90 days.

On October 3, 2017, Plaintiff had blood in his stool as a result of the reappearing hernia.  On March 30, 2018, Plaintiff was transferred to Mercy Hospital for a second hernia operation. Surgeon Jing Zhou perfumed a robotic assisted laparoscopic umbilical and ventral hernia repair with mesh. Surgeon Zhou also advised Plaintiff "of hernia complications," which Plaintiff had been experiencing.

Plaintiff alleges that Defendant Michael acted under color of law and performed inadequate hernia repair with mesh operation and deprived Plaintiff of serious medical need.  Plaintiff alleges that Defendant Michael knew the hernia mesh was banned and placed it in Plaintiff's body anyway and his conduct was deliberately indifferent to Plaintiff's serious medical need.  Plaintiff alleges that "another reasonable medical doctor acting as hernia surgeon would have known the law governing his actions and would have thought that the actions of denying Plaintiff adequate medical treatment to improve Plaintiff's situation is unlawful."

Plaintiff alleges that Defendant Manasrah acted under color of law, personally conducted an examination of Plaintiff's hernia and made a 90-day recommendation, but deprived Plaintiff of serious medical need.  Plaintiff alleges that Defendant Manasrah knew that Plaintiff had a hernia and was suffering and deprived Plaintiff of seeking necessary treatment.  Plaintiff alleges "another reasonable nurse acting as a nurse practitioner would have known the law governing his actions and would have thought that the actions of denying Plaintiff adequate medical treatment to improve Plaintiff's situation is unlawful."

Plaintiff also attaches to the complaint his declaration which states further facts as follows. (ECF No. 21, p. 8 of  12.)  In July 2015, Plaintiff saw Defendant Manasrah, who conducted an examination of the hernia, and issued medication to soften stool, provided an abdominal support belt,

fiber pills and recommended a 90-day evaluation by a specialist. Ninety days passed and Plaintiff was not seen by a specialist.  Plaintiff saw Defendant Manasrah again and he reissued the same medication and a 90-day evaluation by a specialist.

Plaintiff then had a video conference with Defendant Michael who scheduled Plaintiff for surgery.  In April 2016, Plaintiff was transferred to San Joaquin Community Hospital for surgery. Plaintiff was patient 7 of 8 patients for Dr. Michael that day.  After surgery, Plaintiff was experiencing pain and drip bag was adjusted to drip faster and he was given a hernia belt.

Approximately five months later, the hernia reappeared and was bulging bigger than before and Plaintiff was in a lot of pain.  Plaintiff submitted a medical slip and was seen by Defendant Manasrah.  He reissued stool softener pills, fiber pills, and recommended that Plaintiff see a specialist within 90 days. After the 90 days elapsed, in December 2016 Plaintiff put in another medical slip and was seen by Defendant Manasrah who reissued the medication and recommended the specialist in 90 days. In February 2017, Plaintiff put in another medical slip because of increasing pain and the hernia had gotten bigger.  When Plaintiff told Defendant Manasrah that Plaintiff's hernia patch had migrated, Defendant Manasrah's response was to tell Plaintiff "not to listen to fake news."  Plaintiff filed a grievance about the pain and hernia.  Approximately, two years had passed from Plaintiff's request to see a specialist to the second surgery.

On March 30, 2018, Jing Zhou, a surgeon at Mercy Hospital of Bakersfield, performed a robotic assisted umbilical hernia and ventral hernia with mesh surgery on Plaintiff.  Surgeon Zhou completed the surgery and stated, "this old mesh was only partially attached to the abdominal wall and was not well incorporated."  Plaintiff alleges that certain meshes has been recalled and that a family member had informed Plaintiff that the mesh used on Plaintiff had been banned since 2009-Bard ventralex hernia patch.  Alternative means were not utilized such as old-fashioned suture.

Plaintiff seeks $200,000 in compensatory and punitive damages against Defendant Michael, $200,000 in compensatory and punitive damages against Defendant Manasrah and any additional relief the Court deems proper.

///

///

4

1   **III.**   **Discussion**

2       **A.**   **Deliberate Indifference to Serious Medical Needs**

3       While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

4   care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

5   an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled

6   in part on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Jett v. Penner,

7   439 F.3d 1091, 1096 (9th Cir. 2006).  The two-part test for deliberate indifference requires Plaintiff to

8   show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

9   result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the

10  defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (citation

11  omitted).

12      A defendant does not act in a deliberately indifferent manner unless the defendant "knows of

13  and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837

14  (1994).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary

15  lack of due care.  Snow, 681 F.3d at 985.  Deliberate indifference may be shown by the denial, delay,

16  or intentional interference with medical treatment or by the way in which medical care is provided.

17  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  "Deliberate indifference is a high

18  legal standard," Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v.

19  Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure

20  to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  Jett, 439

21  F.3d at 1096.

22      In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's

23  civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere

24  'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

25  Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).)

26  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does

27  not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice

28  does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S.

at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross

negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v.

Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

"A difference of opinion between a physician and the prisoner – or between medical

professionals – concerning what medical care is appropriate does not amount to deliberate

indifference." Snow, 681 F.3d at 987. "To show deliberate indifference, the plaintiff must show that

the course of treatment the doctors chose was medically unacceptable under the circumstances and that

the defendants chose this course in conscious disregard of an excessive risk to plaintiff's health." Id.

      1.   Defendant Michael

Plaintiff alleges that Defendant Michael placed a defective hernia patch in Plaintiff without

adequate attachment and that the mesh had been banned.

With respect to Plaintiff's allegation that Defendant Michael placed a defective hernia patch in

Plaintiff without adequate attachment such that it 'migrated,' the allegation amounts, at best, to a

contention that Defendant Michael was negligent or grossly negligent in the performance of the

surgical procedure to repair Plaintiff's hernia. The allegation that Dr. Zhou told Plaintiff, "this old

mesh was only partially attached to the abdominal wall and was not well incorporated," sounds in

negligence and not deliberate indifference. Clement v. Cal. Dep't of Corr., 220 F. Supp. 2d 1098,

1105 (N.D. Cal. 2002) ("Neither negligence nor gross negligence will constitute deliberate

indifference."). Further, use of a "banned" hernia mesh is speculative. Plaintiff admits that not all

hernia mesh's were banned. Even if a banned hernia mesh were used, this does not establish that the

defendant "knows of and disregards an excessive risk to inmate health or safety." Mere speculation of

wrongdoing is insufficient to state a plausible claim that Defendant Michael's conduct was, at any

time, "akin to reckless disregard." Gordon v County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

Twombly, 550 U.S. at 547 (2007) (pleading standards require plaintiffs to nudge their claims "across

the line from conceivable to plausible"); see Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)

(explaining that to prevail on a claim for deliberate indifference, the plaintiff must show that "that the

course of treatment the doctors chose was medically unacceptable under the circumstances").

Therefore, Plaintiff has failed to state a cognizable claim for deliberate indifference to a serious medical need against Defendant Michael.

        2.   <u>Defendant Manasrah</u>

Plaintiff alleges that Defendant Manasrah delayed providing necessary medical treatment for his hernia; Plaintiff's requests to see a specialist regarding his hernia were being delayed for more than a year.

First, Plaintiff has not pled any facts showing that Defendant Manasrah's conduct in examining Plaintiff was deliberately indifferent. When Plaintiff was seen by Defendant at medical, Defendant Manasrah conducted an examination of the hernia, and issued medication to soften stool, provided an abdominal support belt, and issued fiber pills the hernia. Plaintiff has not alleged any facts that Manasrah's conduct in the medical visits "medically unacceptable under the circumstances" or was in "conscious disregard of an excessive risk to plaintiff's health[.]" <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff fails to allege any facts establishing that Defendant Manasrah was responsible for a delay in seeing a specialist, either before the first surgery or after the first surgery. Each time Plaintiff saw Manasrah for medical treatment, Defendant Manasrah recommended that Plaintiff see a specialist, but that the specialist consultation was delayed. Plaintiff has failed to allege that Defendant Manasrah had any authority to make the arrangements for Plaintiff to consult with specialist consultation, had any authority to order or arrange for custody to take Plaintiff for a specialist consultation or that Defendant was responsible for the delay in Plaintiff seeing a specialist. Here, Plaintiff alleges that Defendant Manasrah recommended that Plaintiff be seen by a specialist. However, Plaintiff's complaint lacks sufficient factual detail to establish that Defendant Manasrah was responsible for any delay in Plaintiff seeing a specialist.

Therefore, Plaintiff has failed to state a cognizable claim for deliberate indifference to Plaintiff's serious medical needs against Defendant Manasrah.

///

///

///

1

**IV.    Conclusion and Order**

2

    Plaintiff's third amended complaint fails to state a cognizable claim for relief.  Despite being

3

provided with the relevant legal standards, and being given multiple opportunities to amend, Plaintiff

4

has been unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted.

5

Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

6

    Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

7

district judge to this action.

8

     IT IS HEREBY FURTHER RECOMMENDED that this action be dismissed for Plaintiff's

9

failure to state a claim upon which relief may be granted.

10

    These Findings and Recommendation will be submitted to the United States District Judge

11

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

12

**days** after being served with these Findings and Recommendation, Plaintiff may file written

13

objections with the Court. The document should be captioned "Objections to Magistrate Judge's

14

Findings and Recommendation." Plaintiff is advised that failure to file objections within the

15

specified time may result in the waiver of the "right to challenge the magistrate's factual findings"

16

on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923

17

F.2d 1391, 1394 (9th Cir. 1991)).

18

19

IT IS SO ORDERED.

20

    Dated:   **June 22, 2020**                  /s/ Barbara A. McAuliffe

21

                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

8