UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SHELBY TOLBERT,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAELS, *et al.*,<br><br>  Defendants. | No. 1:19-cv-00278-NONE-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 23) |

Plaintiff Edward Shelby Tolbert is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 22, 2020, the assigned magistrate judge screened plaintiff's third amended complaint and issued findings and recommendations recommending that this action be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 23.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 8.) Plaintiff timely filed objections on July 13, 2020. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. The court has carefully reviewed the entire file, including plaintiff's objections. While the undersigned agrees with the findings and recommendations that plaintiff's

1

third amended complaint fails to state a deliberate indifference claim against defendant Manasrah, the court believes it is also appropriate to allow plaintiff's deliberate indifference claim against defendant Michael to proceed past screening in light of the allegations set forth in plaintiff's complaint in support of that claim.

### **Defendant Michael**

Plaintiff alleges that defendant Michael, a medical doctor and hernia surgeon, placed a defective hernia patch in plaintiff without adequate attachment.  (Doc. No. 21 at 6.)  Plaintiff further alleges that defendant Michael knew that the mesh had been banned.  (*Id.*)  In his sworn declaration, plaintiff contends that "the specific mesh used on [him] had been banned since 2009—Bard Ventralex hernia patch."  (*Id.* at 11.)  Plaintiff avers that he learned that the Bard Ventralex hernia patch had been recalled since 2009 through a family member and that national television broadcasted a few law firms accepting clients for recalled hernia meshes.  (*Id.* at 10–11.)

Defendant Michael performed surgery on plaintiff's hernia on April 22, 2016—roughly seven years after plaintiff contends that the specific mesh had been banned.  (*See id.* at 3, 10–11.)  Approximately five months after plaintiff's surgery, plaintiff's hernia reappeared and the bulge had grown to larger than before, accompanied by "a lot of pain."  (*Id.* at 9.)  Plaintiff's pain continued for approximately another two years, with the hernia bulge growing larger and had potentially migrated.  (*Id.* at 10.)

Accepting plaintiff's allegations as true, the court declines to adopt the pending findings and recommendations with respect to plaintiff's deliberate indifference claim against defendant Michael.  The pending findings and recommendations state that "use of a 'banned' hernia mesh is speculative."  (Doc. No. 23 at 6.)  However, accepting plaintiff's allegations as true, as this court must on a screening order, the undersigned finds that plaintiff's factual allegations plausibly state a claim for deliberate indifference.  *See Jones v. Jaffe*, No. 2:11:-cv-2049-LKK-DAD, at 3–4 (E.D. Cal. July 26, 2013) (Doc. No. 56) (holding plaintiff stated cognizable claim for deliberate indifference, reasoning in part that plaintiff subsequently learned his surgery was unnecessary and defibrillator had been recalled as defective before defendant implanted it), *adopted by* No. 2:11:-

cv-2049-LKK-DAD (E.D. Cal. Aug. 26, 2013) (Doc. No. 59). Therefore, accepting plaintiff's allegations as true, the court will allow plaintiff's deliberate indifference claim against defendant Michael to proceed.

### Defendant Manasrah

Plaintiff alleges that defendant Manasrah, a nurse practitioner, delayed providing necessary medical treatment for plaintiff's hernia that lasted for over two years. (Doc. No. 21 at 10.) The assigned magistrate judge determined that plaintiff failed to plead any facts showing that defendant Manasrah was deliberately indifferent to plaintiff's medical condition. (Doc. No. 23 at 7.) The complaint alleges that various medical providers repeatedly over the course of two years recommended that plaintiff see a specialist about the issues with his hernia, but that specialist appointment never took place. (Doc. No. 21 at 3–6.) Nonetheless, as to defendant Manasrah, as the pending findings and recommendations noted, the complaint acknowledges that defendant Manasrah examined the hernia, issued medication to soften stool, provided an abdominal support belt, and issued fiber pills for the hernia. (Doc. No. 23 at 7.) In addition, defendant Manasrah again recommended that plaintiff see a specialist. (Doc. No. 21 at 3–4, 9–10.) The assigned magistrate judge indicated that plaintiff has not alleged that defendant Manasrah had the requisite authority to actually make the arrangements for plaintiff to consult with a specialist. (*Id.*); *see also McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992) (affirming summary judgment for defendants where evidence showed that defendants lacked power to schedule surgery on particular date), *overruled on other grounds in WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). The undersigned agrees with the pending findings and recommendations that plaintiff has failed to show that defendant Manasrah's conduct was "medically unacceptable under the circumstances" or was in "conscious disregard of an excessive risk to plaintiff's health[.]" (*Id.*) (internal citation omitted).

Plaintiff objects to the pending findings and recommendations on the grounds that defendant Manasrah had the authority to arrange for plaintiff to be seen by a specialist because he was the nurse practitioner who recommended that plaintiff see a specialist within ninety days. (Doc. No. 24 at 5.) While plaintiff alleges that defendant Manasrah issued his ninety-day

recommendations, this allegation that defendant Manasrah actually had any authority to schedule the specialist appointments is speculative and thus insufficient. *See McGuckin*, 974 F.2d at 1062. While the undersigned is sympathetic to plaintiff's medical situation and delay of approximately two years to see a specialist, the court agrees with the pending findings and recommendations that plaintiff has not stated a cognizable claim for deliberate indifference against defendant Manasrah. Though defendant Manasrah and other nonparty nurse practitioners repeatedly recommended that plaintiff see a specialist within ninety days, only to have those ninety-day recommendations expire over the course of two years, the court agrees with the pending findings and recommendations that defendant Manasrah provided plaintiff with medical care, ranging from re-issuing his medications and recommendations to see a specialist within ninety days. (Doc. No. 21 at 9–10.) Therefore, on the facts presently alleged, plaintiff has failed to state a cognizable claim for deliberate indifference against defendant Manasrah.

Accordingly,

1. The findings and recommendations issued on June 22, 2020 (Doc. No. 23) are adopted in part;
2. The court finds that plaintiff has pled a cognizable deliberate indifference claim against defendant Michael;
3. This action with respect to defendant Manasrah is dismissed, without prejudice, due to plaintiff's failure to state a claim; and
4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **October 23, 2020**                              /s/ Dale A. Drozd
                                                          UNITED STATES DISTRICT JUDGE