# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SHELBY TOLBERT,<br><br>              Plaintiff,<br><br>        v.<br><br>MICHAELS, *et al.*,<br><br>              Defendants. | Case No. 1:19-cv-00278-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COPY OF LOCAL RULES<br><br>(ECF No. 31)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS<br><br>(ECF No. 32)<br><br>**TWENTY (20) DAY DEADLINE** |

Plaintiff Edward Shelby Tolbert ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's third amended complaint against Defendant Michael[1] for deliberate indifference in violation of the Eighth Amendment.

On November 20, 2020, Defendant filed a motion to dismiss. (ECF No. 29.) Plaintiff's opposition to the motion to dismiss was therefore due on or before December 14, 2020.

Currently before the Court are Plaintiff's request for a copy of the Local Rules, filed December 7, 2020, (ECF No. 31), and motion for extension of time to file an opposition to the

---
[1] Erroneously sued as "Michaels."

1

motion to dismiss, filed December 16, 2020, (ECF No. 32). Defendant has not yet had an opportunity to respond to these motions, but the Court finds responses unnecessary. The motions are deemed submitted. Local Rule 230(l).

Plaintiff states that he was never provided with a copy of the Court's Local Rules and was never given a notice or advised as to the deadline for him to respond to Defendant's motion to dismiss. (ECF No. 31.) Plaintiff then requests a twenty-day extension of time to file an opposition to the motion to dismiss, as the institution where he is currently housed is dealing with COVID-19 and the facility law library is not open for general access. (ECF No. 32.) Plaintiff states that he is unable to obtain copies, forms, and legal cases needed for this action. Plaintiff further argues that he was not provided with a court order or document showing the deadline for Plaintiff's opposition to the motion to dismiss, which would grant Plaintiff priority legal use (PLU) status in the law library. (Id.)

With respect to Plaintiff's request for a copy of the Local Rules, Plaintiff is advised that the Court generally does not send litigants free copies of rules or case law, and any deviation from that standard practice represents an exception which must be justified. Copies of the Court's Local Rules should be available to Plaintiff from the law library at his institution. For the purposes of opposing the motion to dismiss—or any future motions filed in this action—Plaintiff is informed that Local Rule 230(l) sets forth the applicable deadlines, and provides as follows:

> **Motions in Prisoner Actions.** All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding *in propia persona*, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition to or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. The moving party may, not more than seven (7) days after the opposition has been filed in CM/ECF, serve and file a reply to the opposition. All such motions will be deemed submitted when the time to reply has expired.

Local Rule 230(l). Plaintiff is cautioned that the Court will not typically issue an order setting forth the deadlines for Plaintiff to file responses to motions filed by Defendant, unless Plaintiff has filed a motion for extension of time. It is Plaintiff's responsibility to track his own filing deadlines in this action, and if he is unable to meet them, to file a motion for extension of time presenting good cause for the request.

Upon review of the motion for extension of time, the Court finds good cause to extend the deadline for Plaintiff to file his opposition to Defendant's motion to dismiss. Fed. R. Civ. P. 6(b). The Court further finds that Defendant will not be prejudiced by the brief extension granted here.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a copy of the Local Rules, (ECF No. 31), is DENIED;
2. Plaintiff's motion requesting an extension of time, (ECF No. 32), is GRANTED;
3. Plaintiff shall file his opposition to Defendant's motion to dismiss within **twenty (20) days** from the date of service of this order
4. Defendant shall file a reply, if any, within **seven (7) days** from the date of filing of Plaintiff's opposition; and
5. **If Plaintiff fails to file an opposition in compliance with this order, the Court will consider Defendant's motion to dismiss unopposed.**

IT IS SO ORDERED.

Dated: __**December 17, 2020**__                    /s/ *Barbara A. McAuliffe*
                                                                     UNITED STATES MAGISTRATE JUDGE