1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

### EASTERN DISTRICT OF CALIFORNIA

7

8   EDWARD SHELBY TOLBERT,

9                            Plaintiff,

10          v.

11   MICHAELS, *et al.*,

12                            Defendants.

Case No.  1:19-cv-00278-NONE-BAM (PC)

FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

(ECF No. 29)

**FOURTEEN (14) DAY DEADLINE**

13

14   **I.      Introduction**

15          Plaintiff Edward Shelby Tolbert ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

16   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

17   Plaintiff's third amended complaint against Defendant Michael[1] for deliberate indifference in

18   violation of the Eighth Amendment.

19          On June 22, 2020, the undersigned issued findings and recommendations that this action

20   be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.  (ECF No.

21   23.)  Plaintiff filed objections on July 13, 2020.  (ECF No. 24.)  On October 25, 2020, the District

22   Judge adopted the findings and recommendations in part, finding that Plaintiff had pled a

23   cognizable deliberate indifference claim against Defendant Michael regarding the placement of a

24   banned hernia patch in Plaintiff with adequate attachment.  (ECF No. 25.)

25          Currently before the Court is Defendant's motion to dismiss the third amended complaint

26   pursuant to Federal Rule of Civil Procedure 12(b)(6), filed November 20, 2020.  (ECF No. 29.)

27

28   _____

[1] Erroneously sued as "Michaels."

1

1  Following an extension of time, Plaintiff timely filed an opposition on January 11, 2021.  (ECF

2  No. 34.)  Defendant filed an untimely reply on March 4, 2021.  (ECF No. 35.)  The motion is

3  fully briefed.

4  **II.**     **Motion to Dismiss for Failure to State a Claim**

5           **A.**     **Legal Standard**

6           A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and

7  dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts

8  alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42

9  (9th Cir. 2011) (quotation marks and citations omitted).  To survive a motion to dismiss, a

10  complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible

11  on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,

12  550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242;

13  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-

14  pled factual allegations as true and draw all reasonable inferences in favor of the non-moving

15  party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*,

16  504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 996–97 (9th

17  Cir. 2006); *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, prisoners

18  proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and

19  to have any doubt resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)

20  (citations omitted).

21           **B.**     **Relevant Allegations in Third Amended Complaint**

22           Plaintiff alleges that in March 2016, he had a video conference with Defendant Michael, a

23  surgeon at San Joaquin Community Hospital.  On April 22, 2016, Defendant Michael performed a

24  ventral hernia repair surgery on Plaintiff.  Five months later, the abdominal pain began to be

25  excruciating and the hernia bulge was back.  Due to ongoing severe pain, Plaintiff put in medical

26  slips and was seen by different doctors and nurses who recommended at several appointments

27  that he be seen by a specialist within 90 days.

28  ///

On October 3, 2017, Plaintiff had blood in his stool as a result of the reappearing hernia. On March 30, 2018, Plaintiff was transferred to Mercy Hospital for a second hernia operation. Surgeon Jing Zhou performed a robotic assisted laparoscopic umbilical and ventral hernia repair with mesh.  After the surgery was completed, Surgeon Zhou stated, "this old mesh was only partially attached to the abdominal wall and was not well incorporated."  Surgeon Zhou also advised Plaintiff "of hernia complications," which Plaintiff had been experiencing.

Plaintiff alleges that Defendant Michael acted under color of law and performed inadequate hernia repair with mesh operation and deprived Plaintiff of serious medical need. Plaintiff alleges that certain meshes have been recalled and that a family member had informed Plaintiff that the mesh used on Plaintiff had been banned since 2009 – Bard Ventralex hernia patch.  Alternative means were not utilized such as old-fashioned suture.  Plaintiff alleges that Defendant Michael knew the hernia mesh was banned and placed it in Plaintiff's body anyway and his conduct was deliberately indifferent to Plaintiff's serious medical need.  Plaintiff alleges that "another reasonable medical doctor acting as hernia surgeon would have known the law governing his actions and would have thought that the actions of denying Plaintiff adequate medical treatment to improve Plaintiff's situation is unlawful."

## C.    Defendant's Motion to Dismiss

Defendant Michael brings this motion to dismiss on two grounds: (1) the third amended complaint fails to state a claim, as there are no facts pled showing Defendant Michael knew that Plaintiff faced a substantial risk of harm if some specific medical treatment were not provided or that Defendant Michael consciously disregarded any risk of harm to Plaintiff  by not taking any reasonable steps to treat Plaintiff's medical need; and (2) the prayer for punitive damages against Defendant Michael should be dismissed because Plaintiff failed to satisfy the requirements of California Code of Civil Procedure, section 425.13.

Defendant argues that the gravamen of Plaintiff's claim is that five months after Defendant performed surgery to repair Plaintiff's hernia, Plaintiff developed another hernia. Defendant was not consulted about that hernia or involved in Plaintiff's treatment for that hernia, and therefore Plaintiff has not and cannot plead facts showing that Defendant knew Plaintiff faced

1   a substantial risk of serious harm if his medical needs went untreated for the second hernia.

2   Furthermore, Defendant argues that all that is alleged is that Defendant was negligent in his

3   performance of the first hernia repair surgery, and that mere medical malpractice does not

4   constitute cruel and unusual punishment.

5         Finally, Defendant argues that Plaintiff must obtain leave of court before claiming

6   punitive damages against medical providers pursuant to California Code of Civil Procedure

7   section 425.13, because his claim arises from the provision of medical care and treatment.

8   Defendant contends that the claim for punitive damages should be dismissed and Plaintiff

9   required to make a showing of "substantial probability" under section 425.13 before asserting a

10   claim for such damages.

11         **D.**    **Plaintiff's Opposition**

12         In opposition, Plaintiff argues that he provided facts in the third amended complaint to

13   satisfy the deliberate indifference standard against Defendant Michael, which the Court found

14   true in its order.  (*See* ECF No. 25, pp. 2–3.)  Plaintiff further contends that he did not develop a

15   second hernia, but rather that the inadequate hernia surgery resulted in the hernia reappearing and

16   becoming larger and much more painful than before, and there is only one hernia at issue.

17   Plaintiff argues that the second surgery, the revision hernia surgery, was to remove a defective

18   Bard Ventralex hernia patch.  Plaintiff states that he was provided with inadequate medical

19   treatment when Defendant implanted a recalled hernia mesh that was not well incorporated,

20   resulting in the hernia reappearing, and Defendant's treatment is and was a far departure from the

21   standard of care that a medical provider owes, and was in reckless disregard of standard or

22   accepted medical practice for treatment.

23         As to punitive damages, Plaintiff argues that because the court has found that Plaintiff

24   stated a cognizable claim of deliberate indifference against Defendant, he has met the required

25   standard to allow him to proceed with a punitive damages claim.

26         **E.**    **Defendant's Reply**

27         In reply, Defendant argues that Plaintiff's opposition is untimely filed by five days, and

28   should not be considered by the Court.  Defendant further contends that Plaintiff's opposition

1    cites to authority that is vastly different than the facts pled in the instant case, and that the fact

2    that Defendant implanted a medical device in Plaintiff which Defendant knew was banned at the

3    time it was implanted in Plaintiff is not sufficient to state a claim for a violation of civil rights.  At

4    best, this fact alone may give rise to a claim for inadequate treatment of Plaintiff's hernia, but

5    mere medical malpractice does not constitute cruel and unusual punishment.  Defendant reiterates

6    that Plaintiff has failed to make the required showing to pursue punitive damages in this action.

7    **III.    Discussion**

8            **A.      Timeliness of Plaintiff's Opposition and Defendant's Reply**

9            Defendant is incorrect in stating that Plaintiff's opposition brief, filed as "Objections" on

10   January 11, 2021, was filed five days late.

11           On December 17, 2020, the Court granted Plaintiff's motion for an extension of time to

12   file his opposition to Defendant's motion to dismiss.  (ECF No. 33.)  Plaintiff was directed to file

13   his opposition within twenty (20) days from the date of service of that order, or by January 6,

14   2021.  (*Id.*)  However, pursuant to Federal Rule of Civil Procedure 6(d), Plaintiff is allowed an

15   additional three (3) days following service made by mail, extending the applicable deadline to

16   Saturday, January 9, 2021.  As this was a Saturday, the deadline was further extended to the next

17   day that is not a Saturday, Sunday, or a legal holiday, which was Monday, January 11, 2021.  Fed.

18   R. Civ. P. 6(a)(1)(C).  Finally, pursuant to the prison mailbox rule, a pleading filed by a *pro se*

19   prisoner is deemed to be filed as of the date the prison delivered it to the prison authorities for

20   mailing to the court clerk.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*,

21   567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil

22   rights actions).

23           Plaintiff's opposition was delivered to prison authorities for mailing on January 7, 2021.

24   (ECF No. 34, p. 7.)  As the deadline for the filing of Plaintiff's opposition was January 11, 2021,

25   Plaintiff's opposition was timely filed.

26           In contrast, however, Defendant's reply brief was due "not more than seven (7) days

27   after" Plaintiff's opposition was filed in CM/ECF.  Local Rule 230(l).  Therefore, Defendant's

28   reply should have been filed on or before January 18, 2021.  The reply brief was not filed until

1    March 4, 2021, forty-five days later.

2         Although the Court need not consider Defendant's untimely reply, the Court has reviewed

3    the filing in an abundance of caution.  Plaintiff will not be prejudiced by the Court's review,

4    because, as discussed below, the arguments contained therein do not alter the Court's findings

5    and recommendations on the motion to dismiss.  Defendant is advised to stay apprised of the

6    applicable deadlines in this action, pursuant to the Federal Rules of Civil Procedure and the

7    Court's Local Rules, for future motions.

8         **B.     Deliberate Indifference**

9         The motion to dismiss argues, in a conclusory fashion, that Plaintiff's complaint raises

10   only a claim for negligence or medical malpractice, rather than deliberate indifference to serious

11   medical needs.  The motion further erroneously claims that the gravamen of Plaintiff's complaint

12   is that he did not receive appropriate care for the hernia that developed after Defendant performed

13   surgery to repair Plaintiff's original hernia.

14        However, as discussed above, the District Judge specifically found that Plaintiff's third

15   amended complaint contained sufficient factual allegations to plausibly state a claim for

16   deliberate indifference pertaining to Defendant's use of a banned hernia mesh without adequate

17   attachment.  (ECF No. 25, p. 2.)  The District Judge determined that, accepting Plaintiff's

18   allegations as true, the Court would allow Plaintiff's deliberate indifference claim against

19   Defendant Michael to proceed.  (*Id.* at 3.)  The District Judge did not address, nor did Plaintiff

20   raise, any claims regarding Defendant Michael's role in Plaintiff's second surgery or care

21   following Defendant Michael's original hernia repair surgery.

22        Thus, for the reasons discussed in the District Judge's October 26, 2020 order adopting in

23   part findings and recommendations regarding dismissal of action for failure to state a claim, (*id.*),

24   Defendant's motion to dismiss Plaintiff's deliberate indifference claim is denied.

25        **C.     Punitive Damages Pursuant to California Code of Civil Procedure § 425.13**

26        The Court finds Defendant's argument as to punitive damages irrelevant to this action.  As

27   noted in the authorities cited in Defendant's own motion to dismiss, California Code of Civil

28   Procedure section 425.13 applies to state law claims.  *See Allen v. Woodford*, No. 1:05-cv-01104-

1   OWW-LJO, 2006 WL 1748587, at *22 (E.D. Cal. June 26, 2006) (because section 425.13 is so

2   "intimately bound up" with the substantive law of the underlying **state law** claims arising from

3   the rendering of professional medical services, it must be applied by federal courts when

4   addressing the issue of punitive damages against medical providers for **state law** claims)

5   (emphases added); *Thomas v. Hickman*, No. CV F 06-0215 AWI SMS, 2006 WL 2868967, at *41

6   (E.D. Cal. Oct. 6, 2006) ("Plaintiff must petition the court for punitive damages pursuant to

7   § 425.13 for such relief under her **state law** claims.") (emphasis added); *Mollica v. Cty. of*

8   *Sacramento*, No. 2:19-CV-02017-KJM-DB, 2021 WL 2853863, at *5 (E.D. Cal. July 8,

9   2021)(this court has previously concluded that section 425.13 conflicts with Federal Rule of Civil

10  Procedure 8(a)(3) and has thus decided that section 425.13 is not applicable in federal court).

11         Plaintiff is proceeding solely on a claim for deliberate indifference under the Eighth

12  Amendment.  There are no state law claims in this action, and therefore Defendant's argument

13  regarding punitive damages under section 425.13 is entirely inapplicable.

14  **IV.**   **Recommendation**

15         For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant's

16  motion to dismiss, (ECF No. 29), be denied.

17         These Findings and Recommendations will be submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

19  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

20  file written objections with the Court.  The document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file

22  objections within the specified time may result in the waiver of the "right to challenge the

23  magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

24  (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
    IT IS SO ORDERED.

25

26    Dated:   __**August 17, 2021**__            ____/s/ *Barbara A. McAuliffe*____

27                                               UNITED STATES MAGISTRATE JUDGE

28

                                       7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28